IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendant. | No. C 07-5985 CW<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL (DOCKET NO. 41) |
| ROCHESTER DRUG COOPERATIVE, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendant. | No. C 07-6010 CW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL (DOCKET NO. 32) |
| LOUISIANA WHOLESALE DRUG COMPANY, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendant. | No. C 07-6118 CW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL (DOCKET NO. 50) |

```
SAFEWAY INC., et al.,

        Plaintiffs,                    No. C 07-5470 CW

    v.                                 ORDER GRANTING IN PART
                                       PLAINTIFFS' MOTION FOR
ABBOTT LABORATORIES,                   LEAVE TO FILE UNDER
                                       SEAL (DOCKET NO. 30)
        Defendant.
_____


SMITHKLINE BEECHAM CORPORATION d/b/a/
GLAXOSMITHKLINE,                       No. C 07-5702 CW

        Plaintiff,                     ORDER GRANTING IN PART
                                       PLAINTIFF'S MOTION FOR
    v.                                 LEAVE TO FILE UNDER
                                       SEAL (DOCKET NO. 50)
ABBOTT LABORATORIES,

        Defendant.
_____


RITE AID CORPORATION, et al.,
                                       No. C 07-6120 CW
        Plaintiffs,
                                       ORDER GRANTING IN PART
    v.                                 PLAINTIFFS' MOTION FOR
                                       LEAVE TO FILE UNDER
ABBOTT LABORATORIES,                   SEAL (DOCKET NO. 19)

        Defendant.
_____/
```

Plaintiffs in the above-captioned cases have moved for leave to file under seal portions of their brief in opposition to Abbott's omnibus motion to dismiss, as well as Exhibit 1 to their request for judicial notice in support of their opposition. Because their request relates to a dispositive motion, the documents may not be filed under seal unless there is a "compelling

2

1 interest" in doing so.  <u>Pintos v. Pac. Creditors Ass'n</u>, 504 F.3d
2 792, 801-03 (9th Cir. 2007).

3     Pursuant to Local Rule 79-5, if any party objects to the
4 public filing of any document, that party must file a declaration
5 establishing with particularity the need to file the document or a
6 portion thereof under seal.  The statement must explain how the
7 party stands to be harmed by the public filing of the objectionable
8 information.  A blanket statement that the party considers the
9 document confidential or has designated the document as subject to
10 a stipulated protective order is not sufficient to demonstrate that
11 the document is sealable.  <u>See</u> Local Rule 79-5(a).

12     Exhibit 1 consists of portions of Abbott's rebuttal expert
13 report in related case No. 04-1511.  After Plaintiffs filed the
14 present motion, Abbott withdrew its designation of confidentiality
15 with respect to all but a portion of ¶ 45 of Exhibit 1.  This
16 portion of ¶ 45 states the range of royalties Abbott charges in
17 connection with its licenses for Norvir.  The Court has previously
18 found that this information is sealable.

19     Accordingly, Plaintiffs' motion is GRANTED IN PART and DENIED
20 IN PART.  Plaintiffs shall file in the public record in each of the
21 above-captioned cases a version of Exhibit 1 to their request for
22 judicial notice redacting only the five words, set off by commas,
23 following the words "license fees" on line 15 of page 31.  The
24 unredacted version of Exhibit 1 currently lodged with the clerk may
25 be filed under seal.  Plaintiffs must also file in the public
26 record the full unredacted version of their opposition brief; the
27 brief does not refer to Abbott's royalty rates.

28

In order to prevent the filing of unnecessary motions to seal in the future, prior to filing any such motion with respect to documents that have been designated as confidential by another party, the party seeking to file under seal must confer with that other party to determine whether it will agree to withdraw the designation of confidentiality. If so, the document may be filed in the public record.

IT IS SO ORDERED.

Dated: 3/24/08

CLAUDIA WILKEN
United States District Judge