Nicole M. Norris (SBN 222785)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: nnorris@winston.com

James F. Hurst (*Admitted Pro Hac Vice*)
David J. Doyle (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:   312-558-5600
Facsimile:   312-558-5700
Email: jhurst@winston.com; ddoyle@winston.com; spark@winston.com

Charles B. Klein (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20007
Telephone:   202-282-5000
Facsimile:   202-282-5100
Email: cklein@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| RITE AID CORPORATION; RITE AID HDQTRS. CORP.; JCG (PJC) USA, LLC; MAXI DRUG, INC. D/B/A BROOKS PHARMACY; ECKERD CORPORATION; CVS PHARMACY, INC.; and CAREMARK, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | **Case No. C 07-6120 CW** <br><br> *Related by Order to:* <br><br> *Case No. C 04-1511 CW* <br><br> **ABBOTT LABORATORIES' ANSWER TO COMPLAINT** <br><br> The Honorable Judge Wilken |

Defendant Abbott Laboratories, by and through its undersigned counsel, hereby answers the Complaint of Rite Aid Corporation; Rite Aid Hdqtrs. Corp.; JCG (PJC) USA, LLC; Maxi Drug, Inc. d/b/a Brooks Pharmacy; Eckerd Corporation; CVS Pharmacy, Inc.; and Caremark, L.L.C. (collectively, the "Plaintiffs") as follows:

Plaintiffs' opening paragraph is a characterization of Plaintiffs' complaint and states a conclusion of law rather than allegations of fact to which a response is required. Insofar as a response is required, Abbott admits it sells a Protease Inhibitor ("PI") called Norvir, which is used to treat HIV/AIDS. Abbott admits that Norvir can be used to boost the efficacy of other PIs. Abbott also admits that Plaintiffs purport to seek relief under the antitrust laws of the United States on a theory of unlawful monopolization. Abbott denies the remaining allegations of Plaintiffs' opening paragraph.

**PARTIES**

1. Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 and therefore denies the same.

2. Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 and therefore denies the same.

3. Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 and therefore denies the same.

4. Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 and therefore denies the same.

5. Abbott admits that it is a corporation organized and existing under the laws of the State of Illinois and that its headquarters and principal place of business is in Abbott Park, Illinois. Abbott also admits that it sells pharmaceutical and nutritional products. Abbott further admits that it markets its products in more than 130 countries and has facilities in 14 states, including at least 3 in this District. Abbott denies the remaining allegations of paragraph 5.

**JURISDICTION AND VENUE**

6. Paragraph 6 states conclusions of law rather than allegations of fact to which a response is required.

7. Paragraph 7 states a conclusion of law rather than allegations of fact to which a response is required.

**TRADE AND COMMERCE**

8. Abbott admits that the products at issue are sold in interstate commerce. Abbott denies the remaining allegations of paragraph 8.

**FACTUAL BACKGROUND**

9. Abbott admits that PIs work by blocking the action of HIV protease, an enzyme needed for HIV to reproduce functional copies of itself. Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 9 and therefore denies the same.

10. Abbott admits that some PI regimens impose great pill burdens, require strict dietary requirements and have side effects. Abbott also admits that different PIs present different degrees of impediment and efficacy. Abbott further admits that some patients develop resistance to certain PIs. Abbott denies the remaining allegations of paragraph 10.

11. Abbott admits the allegations in the first two sentences of paragraph 11. Abbott also admits that Norvir is commonly used today to boost the therapeutic effects (and reduce the required dosage) of other PIs. Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11 and therefore denies the same.

12. Abbott admits that it received a grant from the National Institutes of Health for early discovery work related to certain compounds for the treatment of HIV. Abbott denies the remaining allegations of paragraph 12.

13. Abbott admits that the boosting effect of Norvir can reduce pill burden on patients, alleviate side effects, and reduce incidence of resistance to some PI regimens. Abbott denies the remaining allegations in paragraph 13.

14. Abbott admits the allegations of paragraph 14.

15. Abbott admits there are benefits to the use of Boosted PI regimens. Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 and therefore denies the same.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

16. Abbott admits that it markets Kaletra, which consists of ritonavir and another Abbott PI, lopinavir, combined in a single pill. Abbott also admits that Kaletra is effective and used by HIV patients. Abbott denies the remaining allegations of paragraph 16.

17. Abbott denies the allegations of paragraph 17.

## ABBOTT'S ANTICOMPETITIVE CONDUCT

18. Abbott denies the allegations of paragraph 18.

19. Abbott admits that Bristol-Myers Squibb introduced Reyataz to the market in June 2003 and that GlaxoSmithKline introduced Lexiva to the market in October 2003. Abbott also admits that, over time, the average daily does of Norvir fell to 100 mg per day. Abbott further admits there are benefits to the use of Boosted PI regimens. Abbott denies the remaining allegations in Paragraph 19.

20. Abbott admits that Kaletra's market share declined after July 2003. Abbott denies the remaining allegations in paragraph 20.

21. Abbott denies the allegations of paragraph 21.

22. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 22.

23. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 23.

24. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 24.

25. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 25.

26. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 26.

27. Abbott admits that effective December 3, 2003, it raised the Wholesale Acquisition Cost ("WAC") of Norvir from $1.71 to $8.57 per 100 mg capsule. Abbott denies the remaining allegations of paragraph 27.

28. Abbott denies the allegations in paragraph 28.

1    29.    Abbott denies the allegations in paragraph 29.

2    30.    Abbott denies the allegations of paragraph 30.

3    31.    Abbott denies the allegations in paragraph 31.

4    32.    Abbott admits that the DHHS sent a warning letter to Abbott. The content of the letter speaks for itself. Abbott denies the remaining allegations of paragraph 32.

6    33.    Abbott denies the allegations of paragraph 33.

7    34.    Abbott denies the allegations of paragraph 34.

8    35.    Abbott denies the allegations of paragraph 35.

## RELEVANT MARKETS

10    36.    Abbott denies the allegations of paragraph 36.

11    37.    Abbott denies the allegations of paragraph 37.

12    38.    Abbott denies the allegations of paragraph 38.

13    39.    Abbott denies the allegations of paragraph 39.

## FIRST CAUSE OF ACTION

## Monopolization (15 U.S.C. § 2)

16    40.    Abbott incorporates by reference its answers to the allegations contained in paragraph 1 through 39 as if fully set forth herein.

18    41.    Abbott denies the allegations of paragraph 41.

19    42.    Abbott denies the allegations of paragraph 42.

20    43.    Abbott denies the allegations of paragraph 43.

21    44.    Abbott denies the allegations of paragraph 44.

22    45.    Abbott denies the allegations of paragraph 45.

## SECOND CAUSE OF ACTION

## Attempt To Monopolize 15 U.S.C. § 2

25    46.    Abbott incorporates by reference its answers to the allegations contained in paragraph 1 through 39 as if fully set forth herein.

27    47.    Abbott denies the allegations of paragraph 47.

28    48.    Abbott denies the allegations of paragraph 48.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

49. Abbott denies the allegations of paragraph 49.

50. Abbott denies the allegations of paragraph 50.

51. Abbott denies the allegations of paragraph 51.

52. Abbott denies the allegations of paragraph 52.

## GROUNDS OF DEFENSE

Without assuming any burden it would not otherwise bear, Abbott asserts the following defenses and reserves its right to raise additional defenses if and when deemed appropriate as the case progresses:

## FIRST DEFENSE

Plaintiffs' complaint and each purported cause of action fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' complaint and each purported cause of action set forth therein against Abbott is barred because each of the alleged acts and/or omissions was justified, fair, lawful, and/or not fraudulent.

## THIRD DEFENSE

Plaintiffs' complaint and each purported cause of action is barred because Abbott has patents that cover the products sold in the alleged relevant markets and the method of combining PIs with Norvir.

## FOURTH DEFENSE

Plaintiffs' complaint and each purported cause of action is barred because Abbott has not engaged in below-cost pricing under any measure.

## FIFTH DEFENSE

Plaintiffs' complaint and each purported cause of action is barred because Abbott did not have the requisite monopoly power.

## SIXTH DEFENSE

Plaintiffs' complaint and each purported cause of action is barred because Plaintiffs did not suffer an antitrust injury.

**SEVENTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred because Abbott's actions did not have an anticompetitive effect.

**EIGHTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred by the applicable statute of limitations.

**NINTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of laches.

**TENTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of unclean hands.

**ELEVENTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of accord and satisfaction.

**TWELFTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred because Plaintiffs assumed the risk that Abbott would raise the price of Norvir.

**THIRTEENTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of estoppel.

**FOURTEENTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of waiver.

**FIFTEENTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred because Plaintiffs lack standing or capacity to bring some or all of the claims raised in this suit.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Abbott Laboratories denies Plaintiffs' "Petition For Relief," denies that Plaintiffs are entitled to an injunction or judgment in any amount, and prays that

Plaintiffs' claims be dismissed in their entirety with prejudice and that Abbott be awarded its reasonable costs, attorneys' fees and such other and further relief as may be appropriate.

Dated:  April 25, 2008                           WINSTON & STRAWN LLP

                                                 By:  /s/ Charles B. Klein

                                                      Attorneys for Defendant
                                                      ABBOTT LABORATORIES