FILED
FEB 0 6 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFEWAY INC., et al.,<br><br>      Plaintiff(s),<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>      Defendant(s). | No. C07-5470 CW (BZ) |
| SMITH KLINE BEECHAM CORP.,<br>dba GLAXOSMITHKLINE,<br><br>      Plaintiff(s),<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>      Defendant(s). | No. C07-5702 CW (BZ) |
| MEIJER, INC. & MEIJER<br>DISTRIBUTION, INC., et al.,<br><br>      Plaintiff(s),<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>      Defendant(s). | No. C07-5985 CW (BZ)<br><br>**ORDER DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDERS** |

1

```
 1  RITE AID CORP., et al.,        )   No. C07-6120 CW (BZ)
                                   )
 2              Plaintiff(s),      )
                                   )
 3       v.                        )
                                   )
 4  ABBOTT LABORATORIES,           )
                                   )
 5              Defendant(s).      )
                                   )
```

Following a telephonic hearing with respect to defendant's attached letter dated January 29, 2009, seeking a protective order against the depositions of four witnesses, at which all parties were represented by counsel, **IT IS HEREBY ORDERED** as follows:

1) No further argument or briefing is needed.

2) The motion is **DENIED IN PART**. The depositions of Heather Mason, Jeff Devlin, William Dempsey, and Jeff Leiden may proceed as scheduled, but each deposition will be limited to five hours.

Plaintiffs are cautioned to avoid questioning the witnesses on grounds covered in previous depositions.

Dated: February 6, 2009

                                        Bernard Zimmerman
                               United States Magistrate Judge

G:\BZALL\-REFS\MEIJER V. ABBOTT LABS\ORDER DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDERS.wpd

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH<br><br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>(312) 558-5600<br><br>FACSIMILE (312) 558-5700<br><br>www.winston.com | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>25 AVENUE MARCEAU<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

JAMES F. HURST
(312) 558-5230
jhurst@winston.com

January 29, 2009

**BY ELECTRONIC MAIL**

The Honorable Bernard Zimmerman
United States District Court
450 Golden Gate Avenue
Courtroom G, 15th Floor
San Francisco, CA 94102

Re: *Meijer, Inc., et al. v. Abbott Labs.*, No. C 07-5985 CW
*SmithKline Beecham Corp. v. Abbott Labs.*, No. C 07-05702 CW
*Safeway Inc., et al. v. Abbott Labs.*, No. C 07-05470 CW
*Rite Aid Corp., et al. v. Abbott Labs.*, No. C 07-06120 CW

Dear Judge Zimmerman:

  Abbott seeks a protective order to preclude Plaintiffs in these consolidated cases from re-deposing four current and former Abbott employees—Heather Mason, Jeff Devlin, Jeff Leiden and William Dempsey. We are available for a telephonic hearing on these consolidated motions at the Court's convenience but have also enclosed a proposed order should the Court decide to rule without hearing.

  All of these witnesses are or were, at the relevant time, senior officers of Abbott, a global corporation with 68,000 employees spread across more than 100 facilities around the world. Plaintiffs purportedly seek to question these apex witnesses about Abbott's decision to raise the price of its HIV drug Norvir—the conduct at issue in this antitrust litigation. But all four of these witnesses were already deposed in related actions on this exact same topic. Two of them already provided *21 hours* of relevant testimony a piece, and this Court previously entered a protective order in a related case limiting the deposition of Mr. Dempsey to one hour. Despite our repeated requests, Plaintiffs have failed to identify a single relevant topic that has not already been addressed in these prior depositions. Thus, any further deposition testimony would be unduly cumulative and harassing.

  Courts have broad authority to prevent cumulative deposition discovery that would result in harassment or an undue burden. Fed. R. Civ. P. 26(c)(1); *Lobb v. United Air Lines*, 1993 U.S. App. LEXIS 17495, *2 (9th Cir. 1993). Although parties may re-depose witnesses in limited circumstances, "repeat depositions are disfavored." *Lobb*, 1993 U.S. App. LEXIS 17495 at *2 (barring the re-deposition of a witness); *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) (same). Courts routinely refuse to allow depositions where, as here, "the information sought has already been obtained by prior depositions or other means of discovery." Wright & Miller, 8 Federal Practice and Procedure, § 2037 (2d ed. 1994).

WINSTON & STRAWN LLP

The Honorable Bernard Zimmerman
January 29, 2009
Page 2

As demonstrated below, the Court should invoke this authority to prevent—or, at a minimum, place severe restrictions on—the depositions of these four high-level witnesses.

*a) Plaintiffs Should Be Precluded From Re-Deposing High-Level Abbott Employees Mason And Devlin—Each Of Whom Was Deposed For 21 Hours*

This Court should prevent the cumulative re-depositions of Heather Mason and Jeff Devlin, each of whom already endured 21 hours of testimony in related litigation on the topics Plaintiffs seek to explore. Ms. Mason and Mr. Devlin each was deposed for two full days by the Attorneys General of Illinois, New York, and California in connection with their investigations of the Norvir price increase. And each also was deposed for an additional full day in related litigation almost identical antitrust allegations—*Doe v. Abbott Laboratories*, Case 4:04-cv-1511-CW. These two individuals alone have generated an incredible 1,349 pages of deposition testimony relevant to the issues in this litigation. Given the length of those transcripts and hours of prior testimony, it is difficult to imagine any relevant topic that has not already been thoroughly covered and, indeed, plaintiffs have failed to identify any.

As Plaintiffs concede, discovery already taken with regard to these and other witnesses in the *Doe* case has direct relevance to their own cases. Plaintiff GSK represented to Judge Wilken that its "action concerns substantially the same events as alleged in the [related *Doe* litigation] and *Safeway* Actions—Abbott's [alleged] misconduct in raising the price of Norvir by 400 percent." (04-cv-1511, Docket No. 382 at 3). GSK further noted that its "additional claims arise from the *same set of facts* giving rise to the Sherman Act claim." (*Id.* (emphasis added)). GSK further agreed that "discovery relevant to GSK's claims has already been conducted in the related [*Doe* case]." (Joint Case Management Statement, Doc. 17, Case No. C 07-05702 CW.)

The requested depositions also would amount to harassment because both Ms. Mason and Mr. Devlin are apex Abbott employees. Ms. Mason is a high-level Abbott employee, serving as its President of Abbott's Diabetes Care Division. As President, Ms. Mason is ultimately responsible for all aspects of Abbott's diabetes business including many products and managing almost 1000 employees. In this capacity, she reports directly to the CEO. Mr. Devlin also is a high-level employee, serving as the General Manager of Abbott's Canadian Operations, and resides in Canada. In that capacity, he manages over 2000 Abbott employees. Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S. Dist. LEXIS 8295, *8 (N.D. Cal. Jan. 25, 2007) (Larson, J.). Thus, it is presumptively "improper" to attempt to depose an apex employee without first showing that the employee has "unique personal knowledge of the facts at issue." *Id.* Depositions of apex executives are particularly improper where, as here, the information "can be obtained through less intrusive discovery methods," *Celerity*, 2007 U.S. Dist. LEXIS at *8, including prior testimony.

Plaintiffs have not identified any additional testimony they purportedly need from these witnesses. To be sure, any additional deposition testimony from these individuals would be

WINSTON & STRAWN LLP

The Honorable Bernard Zimmerman
January 29, 2009
Page 3

redundant and serve only to create an undue expense for Abbott and a significant burden on these witnesses who have already exhausted their relevant knowledge under oath.

### b) Plaintiffs Should Be Precluded From Re-Deposing Former High-Level Abbott Employee William Dempsey

This Court previously issued an order protecting Mr. Dempsey from a burdensome and harassing deposition and should do so again here. At the time of the 2003 Norvir price increase, Mr. Dempsey was Abbott's Senior Vice President and President of the largest division at Abbott, overseeing 5,400 employees and $7 billion in revenue.

In the related *Doe* litigation, this Court limited the deposition of Mr. Dempsey to only *one hour* because of his limited role in the case and his apex position at Abbott. (Order, Case 4:04-cv-1511-CW, May 17, 2007). Although Mr. Dempsey was present at a few meetings where the Norvir price increase was discussed, his knowledge of the relevant issues came from lower executives at Abbott who reported up the chain of command and have been deposed. (*See* 12/20/05 Dempsey Decl. at ¶ 5).

Mr. Dempsey was deposed on August 17, 2007, and Plaintiffs have access to, and can use, that deposition transcript. This testimony confirmed Mr. Dempsey's limited role in the decision to increase Norvir's price—an increase that resulted from an exhaustive analysis and decision mainly by a group lead by Heather Mason.

Plaintiffs have not identified any topics about which Mr. Dempsey could provide unique personal knowledge. Thus, any additional testimony from Mr. Dempsey—whose re-deposition is being sought solely because he served in a high-level corporate capacity—would only duplicate his earlier testimony and that of other Abbott employees.

Such testimony also would harass this witness. Mr. Dempsey, who is no longer an Abbott employee and has no interest in this case, resides in Florida, and serves on the Board of Directors and as a consultant for several for-profit and not-for-profit organizations. He has numerous engagements that require frequent travel and extensive time commitments. In short, he is a very busy private citizen who should not be forced to endure any further harassment in connection with the litigation.

### c) Plaintiffs Should Be Precluded From Re-Deposing High-Level Former Abbott Employee Jeff Leiden, Who Also Was Deposed In Related Litigation

This Court should also issue a protective order preventing the cumulative re-deposition of Jeff Leiden. Dr. Leiden is Abbott's former Chief Operating Officer, one of the most senior Abbott positions during his service for the company. Indeed, Mr. Dempsey, whom this Court previously ruled should only sit for one hour of deposition, reported to Dr. Leiden.

Plaintiffs are presumably seeking Dr. Leiden's deposition solely because of his seniority at Abbott. Dr. Leiden, however, was already deposed for a full day in the *Doe* litigation,

WINSTON & STRAWN LLP

The Honorable Bernard Zimmerman
January 29, 2009
Page 4

generating 202 pages of testimony, and Plaintiffs have full access to, and the ability to use, all of this testimony. Any additional testimony would simply be cumulative. Dr. Leiden is even further removed from the events at issue in the case than Mr. Dempsey and, therefore, his full day of previous testimony is more than sufficient. Again, despite repeated requests, Plaintiffs have not identified any additional topics that require examination.

Moreover, as with Mr. Dempsey, avoiding inconvenience to Dr. Leiden is doubly important now because he is no longer even with the company. He is currently the Managing Director at Clarus Ventures. In that capacity, he supervises the investment of two Venture Capital funds in life sciences companies with $1.2 billions in assets. He is responsible for conducting due diligence on between 300-500 companies per year and managing Clarus' Cambridge, MA office. He also sits on the Board of Directors of four companies, serves on the Board of Trustees for non-for-profit organizations and lectures at The Harvard Medical School, The Harvard Business School and The University of Chicago Medical School. Plaintiffs have provided no basis to distract Dr. Leiden from these and other activities when he has already testified on the relevant issues.

### d) At A Minimum, The Court Should Limit These Depositions

At a very minimum, the Court should limit these depositions to no more than one hour a piece and issue a protective order precluding Plaintiffs from soliciting cumulative testimony. *See Lobb*, 1993 U.S. App. LEXIS 17495 at *3 (Trial courts "often impose[] the restriction that the second deposition not cover the same ground."); *Le Blanc v. Broyhill*, 123 F.R.D. 527, 529 (W.D.N.C. 1988) (barring party from "needless repetition of areas covered" during a deposition in a related case and from "repeat[ing] questions raised during that prior deposition"). Although this step would not eliminate the expense or undue burden, it would at least reduce somewhat the annoyance caused to these individuals.

Pursuant to the Court's direction, we have submitted a proposed order along with this letter. We are available to modify the order if the Court wishes us to do so.

Sincerely,

James F. Hurst

Enclosure

cc:   To all Counsel of Record